**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRICIA J. ZIMMERMAN | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No. 2:15 cv 3115 |
| | : | |
| v. | : | Judge Watson |
| | : | |
| JENNIFER KNIGHT, et al., | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS JENNIFER KNIGHT, BELA BERNHARDT, JACK KING, DAVID HARRINGTON, MARK LANG, RODERICK WITTICH, JEFFREY SHUTTLEWORTH, THOMAS QUINLAN, KIMBERLEY JACOBS AND THE CITY OF COLUMBUS**

Now come Defendants Jennifer Knight, Bela Bernhardt, Jack King, David Harrington, Mark Lang, Roderick Wittich, Jeffrey Shuttleworth, Thomas Quinlan, Kimberley Jacobs, and the City of Columbus and in answer to the complaint state:

1. Defendants admit the allegations contained in paragraphs 1, 2 and 3 of the Complaint.

2. In response to paragraphs 4 and 5 of the complaint, Defendants admit Plaintiff brings this action under 42 U.S.C. § 1983. Defendants further admit that venue is proper in the Southern District of Ohio, Eastern Division. Defendants deny that Defendants violated any laws and deny that Plaintiff is entitled to any of the relief sought.

3. Defendants admit the allegations contained in paragraph 6 of the Complaint.

4. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint.

5. Defendants deny the allegations contained in paragraph 8 of the Complaint.

6. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 9, 10, and 11 of the Complaint.

7. In response to paragraph 12 of the Complaint, Defendants admit that Wife brought the cell phone to the Columbus Division of Police, Internal Affairs Bureau. Defendants further admit that Wife reported that Plaintiff and Boyfriend engaged in sexual intercourse while on duty. Defendants deny the remaining allegation contained in paragraph 12 of the Complaint.

8. In response to paragraph 13 of the Complaint, Defendants admit that the Columbus Division of Police's Internal Affairs Bureau investigated the complaint of misconduct, including conducting a search of Boyfriend's cell phone with consent from his Wife.

9. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint.

10. Defendants deny the allegations contained in paragraph 15 of the Complaint.

11. In response to paragraph 16 of the Complaint, Defendants admit that there were naked pictures that appear to be Plaintiff on the cell phone. Defendants deny the remaining allegations in paragraph 16.

12. Defendants deny the allegations contained in paragraphs 17, 18, and 19 of the Complaint.

13. Defendants deny the allegations contained in paragraph 20 of the Complaint.

14. In response to paragraph 21 of the complaint, Defendants admit that the initial Internal Affairs investigation was terminated and that a new investigation, without use of any information obtained from the cell phone, was initiated. Defendants deny the remaining allegations in paragraph 21.

15. Defendants deny the allegations contained in paragraph 22, 23 and 24 of the Complaint.

16. In response to paragraph 25 of the Complaint, Defendants admit that Plaintiff had worked temporary assignments with the vice unit. Defendants deny the remaining allegations in paragraph 25 of the Complaint.

17. Defendants deny the allegations in paragraphs 26, 27, 28, 29 and 30 of the Complaint.

18. Defendants admit the allegations in paragraph 31 of the Complaint. Defendants aver that the order was rescinded on July 26, 2015.

19. In response to paragraph 32 of the complaint, Defendants incorporate their admissions and denials contained in paragraphs 1 through 18 of this answer as if fully restated herein.

20. Defendants deny the allegations in paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Complaint.

21. In response to paragraph 45 of the complaint, Defendants incorporate their admissions and denials contained in paragraphs 1 through 20 of this answer as if fully restated herein.

22. In response to paragraph 46 of the complaint, Defendants admit that Plaintiff has a constitutionally protected property interest in her continued employment. Defendants aver Plaintiff has been continually employed. Defendants further aver the terms and conditions of Plaintiff's employment are set forth in the Collective Bargaining Agreement between the City of Columbus and the Fraternal Order of Police, Capital City Lodge No. 9. Plaintiff is bound by that Collective Bargaining Agreement.

23. Defendants deny the allegations in paragraphs 47, 48 including subparagraphs a, b, and c, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 and 59 of the Complaint.

24. In response to paragraph 60 of the Complaint, Defendants incorporate their admissions and denials contained in paragraphs 1 through 23 of this answer as if fully restated herein.

25. Defendants deny the allegations in paragraphs 61, 62, and 63 of the Complaint.

26. In response to paragraph 64 of the complaint, Defendants admit that Defendant King stated that Plaintiff was an "upgrade." Defendants deny the remaining allegations in paragraph 64 of the Complaint.

27. Defendants deny the allegations contained in paragraphs 65 and 66 of the Complaint.

28. In response to paragraph 67, Defendants admit Plaintiff brings this claim pursuant to Ohio Revised Code 4112 and 42 U.S.C. § 1983. Defendants deny Plaintiff is entitled to any relief.

29. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 68 of the Complaint.

30. Defendants deny the allegations in paragraphs 69 and 70 of the Complaint.

31. Defendants deny that Plaintiff is entitled to any of the relief set forth in the "Wherefore" portion of the complaint including paragraphs A through C.

32. Defendants deny each allegation not specifically admitted herein.

**First Defense**

33. The complaint fails to state a claim upon which relief can be granted.

**Second Defense**

34. Plaintiff has failed to mitigate damages.

**Third Defense**

35. Plaintiff has failed to exhaust her administrative remedies.

**Fourth Defense**

36. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**Fifth Defense**

37. Defendants at all times acted in good faith and reasonably believed their conduct was in accordance with law.

**Sixth Defense**

38. Defendants are entitled to all immunities, defenses, set-offs, and limitations on liability as set forth in Ohio Revised Code Chapter 2744.

**Seventh Defense**

39. Defendants are not liable based on the doctrine of respondeat superior.

**Eighth Defense**

40. Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

**Ninth Defense**

41. The individual Defendants are entitled to qualified immunity.

**Tenth Defense**

42. The Court lacks subject matter jurisdiction over some of Plaintiff's claims.

**Eleventh Defense**

43. Some or all of Plaintiff's claims are barred by Ohio Revised Code Chapter 4117.

**Twelfth Defense**

44. Plaintiff has not suffered any damages.

Respectfully submitted,

CITY OF COLUMBUS, DEPARTMENT OF LAW
RICHARD C. PFEIFFER, JR., CITY ATTORNEY

s/ Wendy S. Kane
Wendy S. Kane (0064857)
Cynthia L. Peterson (0065133)
Assistant City Attorneys
77 N. Front St., 4th Floor
Columbus, Ohio 43215-1895
(614) 645-7461
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Answer of Defendants was sent by electronic filing and U.S. mail to John C. Camillus, P. O. Box 141410, Columbus, Ohio 43214, and Zachary Swisher, Peterson Conners Fergus and Peer, LLP., Two Miranova Place, Suite 330, Columbus, Ohio 43215, attorneys for Plaintiffs, this 31st day of March 2016.

s/ Wendy S. Kane
Wendy S. Kane
Assistant City Attorney